571 So.2d 1371 (1990)
David HUFFMAN, Appellant,
v.
B.J. DAVIS, Appellee.
No. 90-91.
District Court of Appeal of Florida, First District.
December 14, 1990.
David Huffman, pro se.
Robert A. Butterworth, Atty. Gen., and Angela M. Concio, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, David Huffman, appeals the trial court's order granting appellee B.J. Davis's motion for summary judgment of *1372 Huffman's section 1983[1] action. We reverse and remand for further proceedings.
Huffman, an inmate, was incarcerated at Union Correctional Institution (UCI) in Raiford, Florida, during the events at issue in this case. His job assignment until May 1989 was that of an inmate law clerk. Appellee, B.J. Davis, was employed at UCI as an institutional inspector. On May 3, 1989, Davis informed Huffman that he was being fired as a law clerk for assisting non-inmates with legal matters, contrary to the institution's rules. Huffman sought to resolve the matter through administrative channels, but his reassignment was upheld. On June 12, 1989, Huffman filed a section 1983 action against Davis in circuit court, alleging that his first, fourth, and fourteenth amendment rights were violated when Davis reassigned him away from his law-clerk position in retaliation for providing legal assistance to another inmate. The trial court granted Davis's motion for summary judgment.
"[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under section 1983 even if the act, when taken for a different reason, would have been proper." Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), cert. denied, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). Appellee correctly points out that the due process clause does not itself protect a prisoner against job reassignment, and that an assignment as an inmate law clerk does not give the inmate, or those inmates whom the law clerk assists, a property interest in such position. Adams v. James, 784 F.2d 1077, 1079 (11th Cir.1986).
Appellee concedes, however, that prisoners do retain some first amendment rights, and that an inmate may not be denied such rights as a means of retaliation, citing Adams. Appellee argues that Huffman's job reassignment was nevertheless penologically justified, rather than maliciously motivated, because Huffman twice violated the administrative rule that permits inmates to provide legal assistance only to other inmates,[2] and therefore engaged in the unauthorized practice of law. Appellee alleges: First, that on February 6, 1989, the law librarian at UCI informed prison authorities by memorandum that he had found "several legal papers that [he recognized] under the name of one of the Correctional Officers." Second, that on May 24, 1989, Davis informed the superintendent of UCI by memorandum that Huffman was preparing a lawsuit for an inmate's wife, Ann Alexander Jolly. When Alexander was engaged to marry inmate Horace Jolly, she claimed she was sexually harassed in the visiting area by correctional officer Mark Atkins. Davis reported that Huffman told him that inmate Jolly had given him a complaint from Alexander, and had asked Huffman to place it in the appropriate form for a lawsuit.
Huffman responds, in regard to the first incident, that the correctional officer had ordered him to do the officer's legal work, and that inmates are required to obey orders of a correctional officer. In regard to the second incident, Huffman submitted an affidavit in which inmate Jolly stated that in March 1989, he approached Huffman to request assistance with a personal problem regarding incidents involving his wife. The affidavit confirmed that Huffman had told him that he and his wife were required to be co-plaintiffs in an action against the correctional officer. Ann Alexander Jolly also submitted an affidavit wherein she stated that her husband told her he would *1373 seek the assistance of an inmate law clerk, and that she had never spoken with or had any personal dealings with Huffman himself.
If Huffman was indeed voluntarily providing legal assistance to non-inmates, then clearly he was not exercising a constitutional right, and his 1983 action must fail. However, the record does not provide sufficient evidence to support this conclusion. Appellee did not provide either the trial court or this court with any of the "legal materials" which would establish whether Huffman violated the administrative rule. The trial court must simply have accepted appellee's representations about the nature of the legal materials. Without being able to review the document Huffman prepared to determine whether it was indeed prepared for Ann Alexander Jolly, rather than for inmate Jolly, we are hesitant to conclude as a matter of law that it constituted a rule violation.
Having considered the record relating to the second alleged incident, we cannot conclude that Huffman violated the administrative rule as a matter of law, based solely upon the librarian's two-sentence memo, regardless of any other facts involved in the incident. We therefore reverse and remand this case with directions to the trial court to review the legal materials Huffman prepared and to consider evidence that Huffman was ordered to prepare some of these materials.
Appellee additionally claims that even if Huffman was deprived of a constitutional right, appellee was acting in good faith to fulfill his responsibilities; thus he was entitled to the defense of qualified immunity. Wood v. Strickland, 420 U.S. 308, 321, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214, 224 (1975). Appellee's good faith, however, is a question of fact, and there was no evidence before the trial court that would have permitted the court to resolve that issue at the summary judgment stage of the proceedings. Harlow v. Fitzgerald, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396, 409 (1982).
We remand with directions to the trial court to consider the actual legal materials prepared by Huffman, and to determine from these whether Huffman violated the administrative rules by engaging in the unauthorized practice of law.
We observe, nonetheless, that even if it were established that Huffman was actually helping inmate Jolly rather than his wife, and that the other incident did not constitute a rules violation, we question whether Huffman can, in fact, establish that he was exercising a constitutional right entitled to redress under section 1983.[3] Although the Supreme Court has held that inmates cannot be unreasonably prevented from providing legal assistance to other inmates in habeas corpus and civil rights actions, Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court has not extended this right to general civil actions as well.[4] If the trial court changes its ruling on remand, it will need to resolve this issue.
REVERSED and REMANDED.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] See 42 U.S.C.A. § 1983 (West 1981), which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
[2] Florida Administrative Code Rule 33-3.005(9) provides: "Inmates may assist other inmates in the preparation of legal documents and legal mail. However, no remuneration or consideration may be given or received and such may be subject to disciplinary action."
[3] In his motion for summary judgment, Davis claimed that a prisoner has no standing to litigate another inmate's claim of denial of access to the courts, citing federal authorities that both support and reject that position. However, for some reason, Davis abandoned that issue on appeal.
[4] But cf. Corpus v. Estelle, 409 F. Supp. 1090 (S.D.Tex. 1975) (unconstitutional to prohibit jailhouse lawyers from assisting other inmates in civil matters besides civil rights and habeas corpus actions), aff'd, 551 F.2d 68 (5th Cir.1977).