DANAHY, Acting Chief Judge.
The appellant, a state prisoner, argues that the trial court erred in dismissing with prejudice the appellant’s complaint for relief under 42 U.S.C. § 1983 (1994). Although the trial court stated no grounds for its dismissal with prejudice, we uphold its ruling on the basis that the appellant failed to exhaust his administrative remedies.
The facts set forth in this opinion are the facts as alleged by the appellant in his amended complaint. On May 31, 1994, the appellant mailed a letter to Dr. William C. Anderson by U.S. Mail in which he wrote unflattering statements about appellee Williams’ conduct at Polk Correctional Institution during her shift as shift supervisor.
On June 2, 1994, at 6:30 a.m. an officer came to the appellant’s room and ordered him to report to the Officers’ Station in his Class A uniform. Upon reporting to the Officers’ Station, Sergeant Cobbs and Sergeant Mehrer handcuffed the appellant with no explanation and escorted him to C building.
Once the appellant was inside C building, appellee Williams asked the appellant if he knew why he was summoned to her office. The appellant stated he did not know. Ap-pellee Williams then showed the appellant the letter he had written to Dr. Anderson on May 31, 1994.
Appellee Williams then read that part of the appellant’s letter relating to her. She then proceeded to repeatedly call the appellant a racist, a liar, and a very sick person who needed mental help. She further stated that the appellant need not concern himself with her affairs and the very next time he wrote a letter to a free world person and mentioned her name in his letter, she would personally trash the letter and give the appellant a disciplinary report for disrespecting an officer and place him in disciplinary confinement.
We need not address the question whether these allegations, if proven, would entitle the appellant to relief under section 1983. The appellant failed to follow the inmate grievance procedure which the Department of Corrections established by rule to conform to the minimum standards for inmate grievance procedures as promulgated by the United States Department of Justice pursuant to 42 U.S.C. § 1997e (1994). The procedure is set forth in rule 33-29, Florida Administrative Code.
Section 1997e is entitled “Exhaustion of Remedies.” It provides that in any action brought pursuant to section 1983 by an adult convicted of a crime confined in any jail or prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period not to exceed 180 days in order to *288 require exhaustion of such plain, speedy and effective administrative remedies as are available. The exhaustion of administrative remedies in section 1997e is contingent upon there being administrative remedies promulgated in substantial compliance with the minimum acceptable standards set by the attorney general.
The appellant filed his civil complaint on June 14, 1994. He had not then and has not since attempted to follow the inmate grievance procedure provided by the Department of Corrections.
The issue of administrative remedies was raised by the appellees in a motion to dismiss which was filed on September 7, 1994. At this point, pursuance of the inmate grievance procedure was untimely. In his response to the appellees’ motion, the appellant put forward an unacceptable excuse that pursuing the inmate grievance procedure would have been futile based on his perception of the experiences of other inmates who have filed grievances.
The question then arises whether the trial court may dismiss the appellant’s complaint with prejudice for failure to exhaust administrative remedies when a continuance under section 1997e would be useless because administrative remedies are time barred.
The United States Court of Appeals for the Fifth Circuit addressed this question in Marsh v. Jones, 58 F.3d 707 (5th Cir.1995). The court held that where a section 1997e continuance would serve no purpose, as where an administrative grievance would be untimely, a district court still has the power to dismiss a prisoner’s suit under section 1997e for failure to exhaust administrative remedies. The court pointed out that without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies. The court concluded that a district court has the power to dismiss a prisoner’s section 1983 suit under section 1997e even when administrative relief is time barred or otherwise precluded.
We agree with the reasoning expressed in Marsh v. Jones and also hold that a trial court in Florida has the power to dismiss a prisoner’s section 1983 suit under section 1997e when administrative relief is time barred or otherwise precluded. Thus we affirm in this case.
We write to stress that the inmate grievance procedure would have served a beneficial purpose and could have afforded the appellant the relief which he seeks. The appellant complained of a threat which amounted to a partial censorship of his outgoing personal mail. Assuming that he could have proved his complaint, quick and speedy relief might have been available simply by bringing this matter to the attention of ap-pellee Williams’ superiors. Under the inmate grievance procedure, this matter could have been brought to the attention of the Secretary of the Department of Corrections.
The appellant stated he felt that following the inmate grievance procedure would be futile. On the contrary, we believe that the grievance procedure offered the promise of quick relief. Unfortunately for the appellant, he chose not to follow that path.
PATTERSON and ALTENBERND, JJ., concur.