PER CURIAM,
Appellant Phillip Adlington is a prisoner at South Bay Correctional Facility, which is operated and maintained by a private company under contract with the Department of Corrections, as provided for by section' 944.105, Florida Statutes (1999). Before filing a civil complaint for damages against an employee of the facility, Adling-ton filed a formal grievance with the Department of Corrections, but he did not comply with rule 33-103.005, Florida Administrative Code, which requires that an informal grievance be filed at the facility first.
The circuit court dismissed the complaint on. the ground that Adlington had not exhausted his available administrative remedies before filing suit, as -required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Florida has adopted the federal standards for inmate grievance procedures promulgated under § 1997e as its standards. See §§ 944.09(l)(e) & 944.331, Fla. Stat. (1999). While we recognize that there is some dispute among the federal courts about whether exhaustion is required before money damages can be sought, we find the decisions, requiring exhaustion to be more persuasive. See Nyhuis v. Reno, 204 F.3d 65 (3d Cir.2000); Freeman v. Francis, 196 F.3d 641 (6th Cir.1999).
For the first time. on appeal, Adlington argues that his complaint sought relief under. sections 944.105(2) and 957.05(1), Florida Statutes, which make private contractors liable in tort for claims arising with respect to the care and custody of inmates. He argues that exhaustion of administrative remedies is not a prerequisite for filing such a' tort claim. We disagree.
The Florida Administrative Code requires that private facilities adopt inmate grievance procedures that are consistent with the Department of Corrections’ procedures under Chapter 33-29 of the Code. All state prisoners, regardless of whether they are incarcerated in a state owned and operated prison or in a facility that is run by a private corporation under contract with the state, are required to exhaust these procedures before filing any civil complaint relating to the care and custody of inmates.
However, we note that the Florida Correctional Privatization Commission adopted rióle 60AA-29.001 after Adlington filed his civil complaint in this case. We, therefore, reverse the dismissal order and remand to allow the court to determine whether there was an inmate grievance procedure available to Adlington during the relevant time period. If the court finds that there was such a procedure in place, then Adlington was required to exhaust that procedure before filing a civil tort complaint, and his complaint should again be dismissed. If the court finds that there was no procedure available, then his failure to exhaust would be excused.
REVERSED and REMANDED.
WARNER, C.J., STONE and SHAHOOD, JJ„ concur.