BENTON, J.,
dissenting.
The amended complaint alleges that the Department of Corrections unlawfully detained or destroyed legal documents that belonged to Mr. Brown, not the Department. “[N]ominal damages will be presumed from an encroachment upon an established right.” Ault v. Lohr, 538 So.2d 454, 456 (Fla.1989) (citing Spiegel v. Evergreen Cemetery Co., 117 N.J.L. 90, 186 A. 585, 587 (1936) (‘While the fundamental legal concept of a tort is a wrong with resulting damage, the damage requisite to make the injury actionable is frequently implied or presumed.”)).
Here the amended complaint states a claim in the nature of trover, detinue or conversion, for which general damages are presumed. At least as to the papers that were not copies of court filings, administrative remedies have been exhausted. See generally Adlington v. Mosley, 757 So.2d 573 (Fla. 4th DCA 2000). I share the majority opinion’s view that consequential damages are unavailable to Mr. Brown, but not the view that no cause of action has been stated. I would therefore vacate the judgment and remand with directions that the case be transferred to county court.