788 So.2d 1078 (2001)
Leo C. HOLLINGSWORTH, Appellant,
v.
C. BROWN, J. Brown, Schwartz, J. Arnett and C.W. Kirkland, Appellees.
No. 1D00-3126.
District Court of Appeal of Florida, First District.
June 5, 2001.
Rehearing Denied July 18, 2001.
*1079 Leo C. Hollingsworth, pro se.
Robert A. Butterworth, Attorney General, Sean F. Callaghan, Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
Leo Hollingsworth appeals the dismissal of his amended complaint, claiming that the trial court erred in holding that he was required to exhaust administrative remedies. We have jurisdiction,[1] and affirm.
On January 29, 1999, inmate Hollingsworth filed a complaint against various correctional officers, charging that, under color of state law, they engaged in retaliatory conduct against him for filing a grievance, and that their actions violated his First Amendment right to petition the government for redress of grievances. He sought compensatory and punitive damages, declaratory relief, and injunctive relief. The trial court dismissed the amended complaint without prejudice, because Hollingsworth had not exhausted available administrative remedies.
Hollingsworth contends on appeal that he brought this action pursuant to section 768.28(9)(a), Florida Statutes (1997), and nothing in that statute required him to exhaust administrative remedies before filing suit. On the contrary, section 768.28(9)(a) does not provide a cause of action in tort, but simply states the requirements for governmental waiver of sovereign immunity. Nevertheless, Hollingsworth's substantive allegations stated a cause of action under 42 U.S.C. § 1983. See, e.g., Huffman v. Davis, 571 So.2d 1371 (Fla. 1st DCA 1990) (conduct in retaliation for exercise of a constitutionally protected right is actionable under § 1983). In 42 *1080 U.S.C. § 1997e, the Prison Litigation Reform Act, prisoners are required to exhaust administrative remedies before seeking § 1983 relief:
(a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
The issue raised by this case is whether § 1997e required Hollingsworth to file a grievance with regard to his claims for damages, when the available administrative remedies do not provide monetary relief.[2]
In Adlington v. Mosley, 757 So.2d 573 (Fla. 4th DCA 2000), the circuit court held that an inmate who had filed a civil complaint for damages against a private company that operated a correctional facility was required to exhaust administrative remedies, and the appellant did not challenge this ruling. Although the Fourth District agreed, it reversed and remanded for the trial court to determine whether there was a procedure available for inmates to file grievances against private facilities. The court in Adlington acknowledged in dicta that the federal courts are in disagreement about whether the exhaustion doctrine should apply to suits involving damages, and stated that it found the decisions requiring exhaustion more persuasive. Id. at 574. We agree with this reasoning.
The three federal circuit courts that initially addressed the exhaustion issue have concluded that because inmate grievance procedures cannot result in money damages, an inmate seeking monetary relief from prison officials is not required to exhaust administrative remedies.[3]See Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998); Lunsford v. Jumao As, 155 F.3d 1178 (9th Cir.1998); Garrett v. Hawk, 127 F.3d 1263 (10th Cir.1997).[4]
The Eleventh Circuit issued a contrary decision in Alexander v. Hawk, 159 F.3d 1321 (11th Cir.1998). The previous version of § 1997e necessitated exhaustion only of "such plain, speedy, and effective administrative remedies as are available," which led courts to conclude that it would be futile to require an inmate seeking damages to employ state prison grievance procedures. Id. at 1326. The 1995 Prison Litigation Reform Act, however, removed the above-quoted language and now simply requires the inmate to exhaust "such administrative remedies as are available." Courts are thus no longer permitted to examine available grievance procedures to determine whether they would serve the inmate's intended purpose. Otherwise, there would be an "enormous loophole" in the Act that Congress "clearly did not *1081 intend." Id. The court pointed out that requiring the inmate to go through the grievance procedure may cause prison officials to halt the practice being complained of, "which at least freezes the time frame for the prisoner's damages." Id. at 1327. Accord Nyhuis v. Reno, 204 F.3d 65 (3d Cir.2000); Wyatt v. Leonard, 193 F.3d 876 (6th Cir.1999); Perez v. Wisconsin Department of Corrections, 182 F.3d 532 (7th Cir.1999).[5]
The Florida Administrative Code has a procedure in place through which Hollingsworth may grieve his claim. Under sections 944.09(1)(d), Florida Statutes (1999), and section 944.331, Florida Statutes (1999), the legislature directed the Department of Corrections to adopt rules pertaining to inmate grievance procedures that conform to 42 U.S.C. § 1997e, which the department has promulgated in chapter 33-103. Rule 33-103.001(3) gives inmates the right to file a grievance regarding reprisals against inmates who have filed complaints; and rule 33-103.017 specifically prohibits reprisal against an inmate for submitting a grievance. Hollingsworth's appeal is therefore
AFFIRMED.
ERVIN, MINER and BROWNING, JJ., CONCUR.
NOTES
[1] The order was final and appealable, because the dismissal was without prejudice "to Plaintiff refiling his action after he has exhausted all available administrative remedies." When the trial court dismisses an action without prejudice to amend the complaint, the order is nonfinal and nonappealable. See, e.g., Benton v. Department of Corrections, 782 So.2d 981 (Fla. 1st DCA 2001). When, however, it appears that the trial court intended the plaintiff to pursue his or her claim in a different proceeding, the order is final. See, e.g., Eagle v. Eagle, 632 So.2d 122 (Fla. 1st DCA 1994); Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993).
[2] Cf. Husman v. Colchiski, 689 So.2d 286 (Fla. 2d DCA 1996) (trial court correctly dismissed inmate's § 1983 action for failure to exhaust administrative remedies pursuant to § 1997e). The opinion does not state whether the inmate sought monetary relief, thus it does not address the issue in the case at bar.
[3] Some of the cases involve § 1983 suits against state prison officials, and some involve Bivens actions against federal prison officials, but the § 1997e issue is the same. See Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir.2000) (and cases cited therein).
[4] The Ninth Circuit has adhered to its decision in Lunsford in Rumbles v. Hill, 182 F.3d 1064 (9th Cir.1999), cert. denied, 528 U.S. 1074, 120 S.Ct. 787, 145 L.Ed.2d 664 (2000), and the Tenth Circuit has in Miller v. Menghini, 213 F.3d 1244 (10th Cir.2000), but the Fifth Circuit has granted a petition for rehearing en banc to reconsider its decision in Whitley in light of subsequent federal decisions, in Wright v. Hollingsworth, 225 F.3d 777 (5th Cir.2000).
[5] Many state court decisions on this issue are unpublished, but there are two published opinions in which courts concluded that the exhaustion requirement is mandatory, McGowan v. Gibson, 2000 WL 1721663 (Tenn.Ct.App. Nov.17, 2000); Pratt v. Clarke, 258 Neb. 402, 604 N.W.2d 822 (1999); and one in which the court concluded that an inmate seeking money damages is not required to exhaust administrative remedies, Adamson v. Correctional Medical Services, Inc., 359 Md. 238, 753 A.2d 501 (2000).