VILLANTI, Judge.
Marzuq Al-Hakim seeks review of two orders entered by the trial court in his civil action against Big Lots Stores, Inc., Joshua Salter, and Deputy Mike Davidson. The first order, rendered June 6, 2013, prohibited Al-Hakim from filing any further pro se pleadings as a sanction for his abuse of the judicial process. That order is supported by competent, substantial evidence in the record, and we therefore affirm it without further comment. The second order, rendered October 30, 2013, dismissed Al-Hakim’s amended complaint without prejudice after he failed to retain counsel to file pleadings on his behalf. Because this order is a nonfinal, nonappealable order, we dismiss this appeal to the extent that it seeks review of the October 30 order.
“An order that dismisses an action ‘without prejudice’ may or may not be a final order depending on whether it unequivocally disposes of the case.” Hinote v. Ford Motor Co., 958 So.2d 1009, 1010 (Fla. 1st DCA 2007). Generally, when an order dismisses a complaint “without prejudice,” that language signifies that the order is not a final order. See Philip J. Padovano, Florida Appellate Practice § 23.2 (2013 ed.). An exception to this general rule arises when a dismissal is without prejudice but when it is clear from the context that the plaintiffs right to pursue the case requires the filing of a completely new ease. Id.; see also Gerber v. Vincent’s Men’s Hairstyling, Inc., 57 So.3d 935 (Fla. 4th DCA 2011) (concluding that order dismissing complaint without prejudice was a final order because it required the plaintiff to file a new action *570 after complying with the presuit requirements of the Federal Civil Rights Act); Hollingsworth v. Brown, 788 So.2d 1078 (Fla. 1st DCA 2001) (finding that an order dismissing a complaint without prejudice to the plaintiff refiling it after he exhausted his administrative remedies was final because it contemplated an end to the case at hand and required the filing of a new case at some point in the future). Hence, if the filing of a new case is not required, the general rule applies and the order is not final.
Here, while the October 30 order does not specifically provide Al-Hakim with leave to amend, it is clear from the court’s earlier orders that if Al-Hakim retains counsel to represent him, counsel may file pleadings in this same action. Nothing in the October 30 order requires counsel to file a new action. Moreover, the statutes of limitation applicable to Al-Hakim’s claims have not yet expired so as to make the effect of the dismissal final. See § 95.11(3), Fla. Stat. (2011) (providing a four-year statute of limitations for causes of action for negligence [ (3)(a) ], malicious prosecution [ (3)(o) ], and civil conspiracy [ (3)(o) ]). Therefore, the October 30 order dismissing Al-Hakim’s amended complaint without prejudice is not a final, ap-pealable order, and we must dismiss the appeal of it as premature.
Affirmed in part and dismissed in part.
NORTHCUTT and KELLY, JJ., Concur.