# Third District Court of Appeal
## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1379
Lower Tribunal No. 19-23969
_____

**Maria P. Albo,**
Appellant,

vs.

**Carlos Martell, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Hiller Law, P.A., and Douglas C. Hiller, for appellant.

Rhonda F. Goodman, P.A., and Rhonda F. Goodman, for appellees Barbara Sanjurjo, P.A., and Barbara Sanjurjo; Lazaro J. Lopez, for appellees Carlos Martell, Sandra Martell, and Martell, Inc.

Before EMAS, FERNANDEZ and MILLER, JJ.

EMAS, J.

## INTRODUCTION

Maria P. Albo appeals from the trial court's denial of her motion to vacate the trial court's sua sponte order dismissing her lawsuit. We hold that because the dismissal order was entered without notice and an opportunity to be heard, that order was void and the trial court erred in denying Albo's motion to vacate that void dismissal order. We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

In August 2019, Maria Albo (plaintiff below) filed suit against Carlos Martell and his company, Martell, Inc. Prior to effectuating service upon Carlos and Martell, Inc., Albo amended her complaint, adding as party-defendants Albo's former attorney, Barbara Sanjurjo, and Sanjurjo's law firm, the Law Offices of Barbara Sanjurjo, P.A. (collectively, referred to as "Sanjurjo"). Albo also added Carlos Martell's wife, Sandra Martell, as a defendant to the amended complaint. (Carlos Martell, Sandra Martell and Martell Inc. are collectively referred to as "the Martells.")

Thereafter, Albo successfully served Sanjurjo, and purportedly served the Martells at an address in Miami Beach. In June 2020, the Martells moved to quash service of process. A year later, in June 2021, the trial court

2

dismissed the claims against the Martells without prejudice, giving Albo 120 days to properly serve the Martells.

Four months later, on October 6, 2021, the court vacated the dismissal order and granted the Martells' original motion to quash. In doing so, the court granted Albo 120 days (from the October 6, 2021 order) to properly serve the Martells. The order did not indicate that the amended complaint would be dismissed if Albo failed to effectuate service within the allotted 120 days.

Albo was unable to successfully serve the Martells within that 120-day period, despite many apparent attempts to do so. On February 10, 2022, a week after the 120 days expired, the trial court, sua sponte, dismissed the action, based on Albo's

> failure to comply with 10/6/21 Court Order to serve the Defendants within 120 days of the date of the Order. It has now been 127 days since the rendition of this Order and it appears from the Docket that the Defendants still have not been served.

The order dismissed the entire action without prejudice,[1] including those claims filed against Barbara Sanjurjo and Sanjurjo's law firm, even

---

[1] The "without prejudice" dismissal is a reference to Florida Rule of Civil Procedure 1.070(j), which, under certain circumstances, authorizes a trial court to "dismiss the action without prejudice." See discussion *infra* at 8-9. It is clear from the context that the order, though entered "without prejudice," dismissed the entire action, requiring Albo to file a new case, and is therefore appealable as a final order. See U.S. Bank Nat.'l Ass'n v. Rodriguez, 206

though those defendants had been served two years earlier and had already filed an answer and affirmative defenses to the amended complaint.

Ten months later, on December 20, 2022, Albo filed a motion to vacate the February 10, 2022, sua sponte dismissal order ("the Sua Sponte Dismissal Order"), contending, inter alia:

- The Sua Sponte Dismissal Order was void for lack of due process because Albo was never provided notice or an opportunity to be heard before the trial court's entry of that order;

- Following the trial court's June 26, 2020, order (giving Albo 120 days to effectuate service on the Martells) Albo made numerous (albeit unsuccessful) attempts to serve the Martells at multiple addresses, and Albo believed the Martells were evading service;

- It was improper to dismiss the entire lawsuit (including those counts against Sanjurjo) because Sanjurjo and her law firm had already been properly served, had filed an answer, and were involved in ongoing discovery; and

---

So. 3d 734, 736 (Fla. 3d DCA 2016) ("If a dismissal is 'without prejudice' but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final." (citing Fed. Nat'l Mortg. Ass'n v. Wild, 164 So. 3d 94, 95 (Fla. 3d DCA 2015); Al–Hakim v. Big Lots Stores, Inc., 161 So. 3d 568, 569 (Fla. 2d DCA 2014); Gerber v. Vincent's Men's Hairstyling, Inc., 57 So. 3d 935, 937 (Fla. 4th DCA 2011); Hollingsworth v. Brown, 788 So. 2d 1078, 1079 n.1 (Fla. 1st DCA 2001)).

4

- The Sua Sponte Dismissal Order was never served on Albo's attorney,[2] ostensibly explaining the ten-month delay before discovering the order and filing the instant motion to vacate that order.

Attached to the motion were returns of non-service, indicating three separate attempts to serve the Martells in Miami-Dade and four separate attempts to serve the Martells in California. Albo's attorney also filed an affidavit in support of the motion to vacate the dismissal order, attesting to not having received the trial court's Sua Sponte Dismissal Order, and detailing the multiple unsuccessful attempts to effectuate service on the Martells. Albo's counsel also averred that the Martells' attorney failed to respond to emails requesting an alternative address for service of process.

On June 29, 2023, following a non-evidentiary hearing, the trial court denied the motion to vacate, and this appeal followed.[3]

---

[2] The Martells do not controvert this averment in the affidavit of Albo's counsel and the record on appeal does not contain any pleading or evidence disputing the veracity of this allegation. Sanjurjo contends on appeal that "Albo's counsel presented no evidence that the email had not been received at his designated email address," nor "any evidence to establish that the trial court and/or court personnel contributed in any way to Albo's claim that the February 10, 2022 order was not delivered to excuse the 10 month delay in seeking relief.," nor does the record on appeal contain any pleading or motion disputing the veracity of this allegation.
[3] Albo appealed both the June 29th order (denying her motion to vacate the February 10 dismissal order) as well as the February 10th dismissal order

5

**STANDARD OF REVIEW**

Ordinarily, we review a trial court's order denying a motion to set aside or vacate a final order of dismissal for an abuse of discretion. See First Call 24/7, Inc. v. Rios, 373 So. 3d 1176 (Fla. 3d DCA 2022). However, where the "motion to vacate depends upon whether the underlying order is void, the determination is a legal question that is reviewed de novo." Id. at 1178. Further, and as we observed in Nationstar Mortg, LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017): "A decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." (quoting Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014)); see also Horton v. Rodriguez Espaillat y Asociados, 926 So. 2d 436, 437 (Fla. 3d DCA 2006) (holding that the trial court must vacate a void judgment).

**ANALYSIS AND DISCUSSION**

"'A judgment is void,' rather than voidable, 'when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person . . . or **where there is a violation of due process**.'" Metro. Mortg. Co. of Miami, v. Rose, 353 So. 3d 1230, 1233 (Fla. 3d DCA 2022) (emphasis

---

itself. This court dismissed, as untimely, the appeal of the February 10th dismissal order.

6

added) (quoting <u>State Farm Mut. Auto. Ins. Co. v. Statsick</u>, 231 So. 3d 528, 531 (Fla. 2d DCA 2017)). "A final judgment 'entered without notice and an opportunity to be heard is void as a violation of due process.'" <u>Id.</u> (quoting <u>Purdue v. R.J. Reynolds Tobacco Co.</u>, 259 So. 3d 918, 922 (Fla. 2d DCA 2018)).

Pursuant to Florida Rule of Civil Procedure 1.540(b), a motion to set aside or vacate a void order must be filed "within a reasonable time":

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.**
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing;
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> **(4) that the judgment or decree is void**; or
> (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
>
> **The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken**.

(emphasis added). <u>See also</u> <u>Coral Gables Imports, Inc. v. Suarez</u>, 219 So. 3d 101, 103 (Fla. 3d DCA 2017) (acknowledging that a void order is not

7

subject to the one-year limitation of rule 1.540(b) and holding that the motion to vacate, filed approximately fourteen months after dismissal of the action, was "filed within a reasonable time.")

Florida Rule of Civil Procedure 1.070 provides the procedure for issuance of the summons and service of process. Relevant to this appeal, subdivision 1.070(j) provides:

> (j) Summons; Time Limit. If service of the initial process and initial pleading is not made on a defendant within 120 days after filing of the initial pleading directed to that defendant **the court, on its own initiative after notice or on motion**, must direct that service be effected within a specified time or must dismiss the action without prejudice or drop that defendant as a party; **provided that if the plaintiff shows good cause or excusable neglect for the failure, the court must extend the time** for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties will begin on the entry of an order granting leave to amend. A dismissal under this subdivision will not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

(emphasis added).

Ordinarily, if service of the initial process and initial pleading is not made upon a defendant within 120 days, and a showing of good cause or excusable neglect is not made, the trial court has the discretion to (1) direct that service be effectuated within a specified time; (2) drop that defendant as

8

a party; or (3) dismiss the action without prejudice. <u>Sly v. McKeithen</u>, 27 So. 3d 86 (Fla. 1st DCA 2009).

However, rule 1.070(j) does not provide for an "automatic" dismissal, and while the trial court can dismiss "on its own initiative," it can do so only "after notice or on motion." No such motion was filed by the Martells or Sanjurjo, and the trial court provided no notice or opportunity to be heard before entering its dismissal order. This is the essence of a due process violation, rendering the order void. <u>See Rios</u>, 373 So. 3d at 1178 (holding the dismissal order was void, because the trial court entered the order without notice to the parties).

We agree with Albo that the February 2022 Sua Sponte Dismissal Order was void. Although the October 6, 2021 order (quashing service) granted Albo 120 days to serve the Martells, the order did not place Albo on notice that the court could or would dismiss the action sua sponte and without further notice should Albo fail to meet that deadline.

Further, the Sua Sponte Dismissal Order was entered without affording Albo an opportunity to explain the efforts undertaken in the intervening 120 days to obtain service on the Martells and to show good cause why she should be afforded additional time to effect service.

In addition, there was no basis to dismiss Sanjurjo and her law firm, as they had been properly served in 2020, had answered the amended complaint, and were already participating in pretrial discovery at the time the Sua Sponte Dismissal Order was entered.

The Martells argue that Albo was implicitly afforded notice at the October 6, 2021, hearing when the trial court granted her 120 days to effectuate service on the Martells. We reject this position for three reasons: 1) the October 6, 2021 order did not provide that the action would be dismissed without notice if Albo failed to effectuate service within the allotted 120 days; 2) Albo was not given an opportunity, prior to the Sua Sponte Dismissal Order, to seek additional time to serve the Martells at which time Albo could explain the efforts undertaken during the 120-day period to effectuate service, the reasons for her inability to do so, and good cause for additional time, see Fla. R. Civ. P. 1.070(j) (providing that "if the plaintiff shows good cause or excusable neglect for the failure [to serve defendant within the time allotted], the court must extend the time for service for an appropriate period"); and 3) the trial court's action in entering a sua sponte dismissal, without notice and an opportunity to be heard, deprived Albo of any ability to seek the exercise of the trial court's discretion. See Barrow v. State, 27 So. 3d 211, 218 (Fla. 4th DCA 2010) ("It is an abuse of discretion

for a trial judge to refuse to exercise discretion, to rely on an inflexible rule for a decision that the law places in the judge's discretion.") (additional citations omitted). See also Pixton v. Williams Scotsman, Inc., 924 So. 2d 37, 39 (Fla. 5th DCA 2006) ("If a plaintiff shows good cause or excusable neglect, the court must extend the time for service of process and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is not required to dismiss the action without prejudice, but is left to exercise its discretion.") (emphasis added) (citation omitted).

## **CONCLUSION**

Because the trial court entered the sua sponte dismissal order without notice and an opportunity to be heard, that order was void and the trial court erred in denying Albo's motion to vacate, which was filed within a reasonable time following dismissal. We reverse the order denying the motion to vacate and remand for further proceedings consistent with this opinion.