# Third District Court of Appeal
## State of Florida

Opinion filed July 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1628
Lower Tribunal No. 19-17680
_____

**Eric Freed,**
Appellant,

vs.

**Ceci International, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Levine Kellogg Lehman Schneider + Grossman LLP and Victor Petrescu, for appellant.

Matthew Estevez, P.A., and Matthew Estevez, for appellees.

Before EMAS, SCALES and LOBREE, JJ.

LOBREE, J.

Eric Freed sued Ceci International, LLC ("Ceci"), and Arc Investments

USA, LLC ("Arc"), alleging claims against each for conversion, conspiracy, and equitable lien. When Freed missed a discovery deadline set forth in the trial court's agreed order on Freed's motion for extension of time to respond to discovery, Ceci and Arc moved for an involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). After conducting non-evidentiary hearings on the matter, the trial court dismissed Freed's action without prejudice.[1]

We reverse on the ground that the dismissal order does not reflect that the trial court considered the six necessary factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), before dismissing Freed's action. See Ham v. Dunmire, 891 So. 2d 492, 500 (Fla. 2004) ("[F]ailure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard."); Buroz-Henriquez v. De Buroz, 19 So. 3d 1140, 1141 (Fla. 3d DCA 2009) ("It is well established that before a court may dismiss a cause or default a party as a

---

[1] "Generally, when an order dismisses a complaint 'without prejudice,' that language signifies that the order is not a final order." Al-Hakim v. Big Lots Stores, Inc., 161 So. 3d 568, 569 (Fla. 2d DCA 2014). However, "it is important to view orders of dismissal from the perspective of what they do, not according to whether they state that they are with or without prejudice." Smith v. St. Vil, 714 So. 2d 603, 605 (Fla. 4th DCA 1998). Here, because "it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final" and appealable. U.S. Bank Nat'l Ass'n v. Rodriguez, 206 So. 3d 734, 736 (Fla. 3d DCA 2016); see also Albo v. Martell, 49 Fla. L. Weekly D1517b, 2024 WL 3433739, at *1 n.1 (Fla. 3d DCA July 17, 2024).

sanction, it must first consider each of the . . . six factors set forth in Kozel"); Crown Asset Mgmt., LLC v. Bribiesca, , 49 Fla. L. Weekly D1366a, 2024 WL 3167486, at *3 (Fla. 3d DCA June 26, 2024) (reversing order dismissing action based on plaintiff's failure to comply with trial court's order requiring plaintiff to serve process on defendant within 45 days where "[n]o such [findings of fact concerning each of the Kozel factors], or indeed any evaluation of the Kozel factors, are found in the trial court's order of dismissal on appeal.  Such noncompliance requires us to vacate the trial court's order of dismissal with prejudice and remand to allow the trial court to consider the Kozel factors." (citing First Baptist Church of Greater Miami v. Miami Baptist Ass'n, 373 So. 3d 1194, 1198 (Fla. 3d DCA 2023); Deutsche Bank Nat'l Tr. Co. v. Sombrero Beach Rd., LLC, 260 So. 3d 424, 428 n.3 (Fla. 3d DCA 2018))); see also Fed. Nat. Mortg. Ass'n v. Wild, 164 So. 3d 94, 95 (Fla. 3d DCA 2015) (applying Kozel to order dismissing cause without prejudice). Accordingly, we reverse the dismissal order and remand for further consistent proceedings.

Reversed and remanded.