# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

JAMES M. CUYLER,

Appellant,

v.

FREEDOM MORTGAGE
CORPORATION,

Appellee.

No. 2D2025-2101

————————————————

June 5, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Hillsborough County; Helene Daniel, Judge.

James M. Cuyler, pro se.

Gavin MacMillan of Brock & Scott, PLLC, Winston Salem, North Carolina, for Appellee.

MORRIS, Judge.

James M. Cuyler appeals four nonfinal orders entered in a mortgage foreclosure action filed against him by Freedom Mortgage Corporation. We dismiss the appeal for the reasons explained below.

Cuyler first appeals an order dismissing without prejudice his counterclaim for fraud with leave to file an amended counterclaim within ten days. "Generally, when an order dismisses a complaint 'without

prejudice,' that language signifies that the order is not a final order." *Al-Hakim v. Big Lots Stores, Inc.*, 161 So. 3d 568, 569 (Fla. 2d DCA 2014). "An exception to this general rule arises when a dismissal is without prejudice but when it is clear from the context that the plaintiff's right to pursue the case requires the filing of a completely new case." *Id.* (citing Philip J. Padovano, *Florida Appellate Practice* § 23.2 (2013)); *accord U.S. Bank Nat'l Ass'n v. Rodriguez*, 206 So. 3d 734, 736 (Fla. 3d DCA 2016) ("If a dismissal is 'without prejudice' but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final."). The dismissal here is without prejudice and does not require Cuyler to file a new case. Therefore, the order is nonfinal. And the order does not fall within the category of nonfinal orders appealable under Florida Rule of Appellate Procedure 9.130(a)(3). *See Keck v. Eminisor*, 104 So. 3d 359, 363-64 (Fla. 2012) ("Generally, an appellate court may not review interlocutory orders unless the order falls within the ambit of non-final orders appealable to a district court as set forth in Florida Rule of Appellate Procedure 9.130.").

Cuyler next appeals an order granting Freedom's motion to dismiss Cuyler's request for punitive damages, finding that Cuyler failed to comply with section 768.72(1), Florida Statutes (2025), and failed to obtain leave of court to seek punitive damages. Orders that "grant or deny a motion for leave to amend to assert a claim for punitive damages" are nonfinal orders that are subject to interlocutory appeal under rule 9.130(a)(3)(G). There is no indication that Cuyler filed a motion for leave to amend to assert a claim for punitive damages, as contemplated by rule 9.130(a)(3)(G) and as required by section 768.72. *See* § 768.72(1) ("In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by

2

the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.").

Last, Cuyler appeals an order on Freedom's motion for extension of time and an order granting Freedom's motion to strike Cuyler's jury trial demand. These orders are nonfinal orders and do not fall within the list of appealable nonfinal orders in rule 9.130(a)(3).

Dismissed.

SILBERMAN and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.