606 So.2d 765 (1992)
Adolfo Z. AGUILA-ROJAS, Appellant,
v.
CITY MANAGEMENT GROUP CORPORATION, a Florida Corporation, Appellee.
No. 91-2858.
District Court of Appeal of Florida, Third District.
October 27, 1992.
*766 Keith Chasin, Miami, for appellant.
Mark V. Silverio, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Defendant, Adolfo Aguila-Rojas, appeals a final judgment finding him guilty of negligence as a registered agent. For the following reasons, we reverse.
In 1980, Aguila-Rojas incorporated and served as a registered agent for Villa and Sons Property Group, Inc., later renamed City Management. One of City Management's tenants sued City Management in 1984 for damages resulting from a slip and fall accident. The trial court entered a default judgment against City Management.[1] Subsequently, City Management sued Aguila-Rojas for failure to notify City Management of the lawsuit.
Before trial in February, 1990, the trial court denied Aguila-Rojas's motion to amend his witness list for noncompliance with the court's order setting trial. The motion adding Jose Ramirez noted that Mr. Ramirez would testify that he tried to deliver suit papers to City Management on Aguila-Rojas's behalf. This first trial, however, ended in a mistrial. The case was then reset for trial for June 25, 1990. The order resetting the trial required that a list of all witnesses be provided no later than forty-five days prior to the Monday of the trial period. Following a series of motions for continuance, the case was reset for trial for September 16, 1991. Aguila-Rojas filed a pretrial catalog adding Mr. Ramirez to the witness list on August 14, 1991. The trial, however, was again reset for October 14, 1991. The order resetting the trial required compliance with the previous order, i.e., listing all witnesses forty-five days prior to the Monday of the trial period.
City Management attempted but failed to depose Mr. Ramirez before the trial date. Mr. Ramirez was eventually deposed during a trial break. During the trial, the court granted City Management's motion in limine to exclude Mr. Ramirez on the basis that it would be prejudicial to let him testify.
The trial court erred in excluding Mr. Ramirez as a witness. Excluding the testimony of a witness is a harsh remedy which should be invoked sparingly. First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA), rev. denied, 441 So.2d 632 (Fla. 1983). See also Louisville Scrap Material Co. v. Petroleum Packers Inc., 566 So.2d 277 (Fla. 2d DCA 1990). Cf. Metropolitan Dade County v. Sperling, 599 So.2d 209 (Fla. 3d DCA 1992) (excluding an expert witness listed after a court ordered deadline). Aguila-Rojas complied with the court order by timely listing Mr. Ramirez on August 14, more than 45 days prior to the date of trial. Mr. Ramirez's testimony was crucial to Aguila-Rojas's defense. Furthermore, City Management was aware of the nature of Mr. Ramirez's testimony from the motion filed prior to the 1990 trial. Thus, City Management was not surprised and would not have been prejudiced by allowing Mr. Ramirez to testify. Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla. 1981).
The final judgment is reversed.
NOTES
[1] This Court affirmed a default judgment entered against City Management. City Management Group v. Aruca, 497 So.2d 275 (Fla. 3d DCA 1986). City Management sued its insurer claiming it wrongfully denied coverage. This Court affirmed a summary judgment in favor of the insurer on the basis that City Management breached the insurance policy by failing to timely notify the insurer of the claim. City Management Group v. American Reliance Assurance Co., 528 So.2d 1299 (Fla. 3d DCA 1988).