669 So.2d 338 (1996)
Iglesia CASA DE ALABANZA, Appellant,
v.
BUS SERVICE, INC., Appellee.
No. 95-2405.
District Court of Appeal of Florida, Third District.
March 13, 1996.
Tauler & Shearin and Elena C. Tauler, Miami, and Robert L. Shearin, Boca Raton, for appellant.
Alan Hochman and Jay M. Levy, Miami, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Iglesia Casa de Alabanza (hereinafter "Alabanza"), the defendant below, appeals a final judgment in favor of the plaintiff, Bus Service Incorporated (hereinafter "Bus Service") in a breach of contract action. The appellant contends that the trial court erred in not taking judicial notice of the Florida Motor Vehicle Repair Act, Sections 559.901-559.9221, Florida Statutes (1995). Additionally, Alabanza argues that the trial court erred in excluding the testimony of its representative at trial. We agree and reverse the final judgment of the trial court based upon both grounds raised by the appellant.
*339 First, the trial court erred by failing to take judicial notice of the Florida Motor Vehicle Repair Act (hereinafter "the Act"). Bus Service's complaint alleged that the appellant had breached its contract with Bus Service by not paying for the repairs performed on Alabanza's bus by the appellee. In Alabanza's responsive pleadings, which contained an answer and counter-claim, the appellant contended that Bus Service breached its contract with appellant and, furthermore, was negligent in performing the repairs to Alabanza's bus. Accordingly, the parties' pleadings demonstrate that the Act is applicable and, therefore, the trial court was in error when it denied Alabanza's request to take judicial notice of the Act. Barnett Bank v. Jacksonville Nat'l Bank, 457 So.2d 535 (Fla. 1st DCA 1984).
The trial court also erred in prohibiting a representative of the appellant, which is a church and, accordingly, should be treated as a corporate entity, from testifying on behalf of Alabanza. Nicholson Supply Co. v. First Fed. Sav. and Loan Ass'n of Hardee County, 184 So.2d 438, 442 (Fla. 2d DCA 1966). Although the appellant failed to list the name of any witness in particular that it intended to call at trial in the pre-trial witness catalog, Alabanza did indicate in its witness list that it would be calling "[a]ny and all parties to this lawsuit." Accordingly, the trial court was in error in not allowing the appellant to call a representative of the appellant. First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA), review denied, 441 So.2d 632 (Fla.1983); Aguila-Rojas v. City Management Group Corp., 606 So.2d 765 (Fla. 3d DCA 1992) ("Excluding the testimony of a witness is a harsh remedy which should be invoked sparingly.").
Although this issue has been resolved by the preceding paragraph, we must address a corollary issue raised by the appellee that relates to whether or not a representative of the church would have been qualified to testify regarding the alleged defects in Bus Service's repairs. Bus Service argues that only an expert witness may offer this type of testimony and, since no expert witness was listed by Alabanza in its witness list, the appellant should be precluded from offering any testimony concerning alleged defects in appellee's work. We reject this contention. Clearly, the owner of a motor vehicle, such as the appellant, can testify through its representative regarding the condition of the vehicle. This type of information can be imparted by anyone who has tried to drive the vehicle, and does not require an expert witness to convey this information. See § 90.701(1), (2), Fla.Stat. (1995).
Reversed.