771 So.2d 552 (2000)
Manuel E. PASCUAL, Appellant,
v.
Emma DOZIER, Appellee.
No. 3D98-2364.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Motion for Clarification Denied November 29, 2000.
Kubicki Draper and Angela C. Flowers, Miami, for appellant.
Thomas A. Culmo, Coral Gables; Elizabeth K. Russo, Miami, and Catherine J. MacIvor, North Miami Beach; Kate Burnett, for appellee.
Before GERSTEN, FLETCHER, SORONDO, JJ.
PER CURIAM.
Manuel E. Pascual, defendant, appeals to this Court the lower court's Amended Final Judgment entered in favor of Emma Dozier, plaintiff. We reverse and remand for a new trial.
*553 In December 1996, plaintiff brought suit against defendant as the result of an automobile accident which occurred September 17, 1994. Plaintiff alleged in her complaint that she suffered an aggravation of a previously existing condition and a permanent injury. Defendant denied that plaintiff suffered bodily injury or damages from the accident. Plaintiff was treated by Dr. Gregory Fox, her primary care physician, and Dr. Carolina Sierra, an endocrinologist.
Defendant requested orthopedic and neurologic independent medical exams (IME) of plaintiff. Drs. Gary Kreitman, an orthopedic surgeon, and Allan Herskowitz, a neurologist, performed IMEs of plaintiff. Both doctors prepared several written reports of their findings. The reports reflected the doctors' opinions that plaintiff suffered from preexisting degenerative conditions, had undergone unnecessary medical treatments and suffered from injuries which were not caused by the accident. The reports were provided to plaintiff's counsel, and both doctors were listed as expert witnesses on pre-trial catalogue. Plaintiff did not depose either doctor or conduct any written discovery concerning their opinions.
Approximately one week before trial, plaintiff's counsel advised defense counsel that plaintiff would be limiting her claim to lost wages and the cost of medical care, but would not be claiming that she suffered a permanent injury. At trial, plaintiff clarified that she only sought damages from the date of the accident, September 17, 1994 to June 1996.
Plaintiff then moved in limine to exclude the testimony of defendant's IME doctors, arguing that their testimony was irrelevant since she had abandoned her claim of permanency. Plaintiff contended that the IME doctors' opinions were limited to whether she suffered a permanent injury. Plaintiff further argued that their testimony was irrelevant because the relevant time period for which she sought damages was limited to September 1994 to June 1996, and defendant's experts examined her in 1997.
Defendant responded that his IME doctors would testify to whether plaintiff's medical treatment was reasonable and necessary and whether it was necessitated by this accident. Defendant contended that the doctors' reports repeatedly addressed these issues. Plaintiff claimed that such testimony was a surprise and inadmissible. The trial court granted plaintiff's motion to exclude the IME testimony.
At trial, plaintiff claimed that defendant caused the accident by running a red light. Defendant asserted that plaintiff caused the accident by speeding up to make it through the intersection when he had the right of way. Plaintiff claimed $58,111.02 in medical bills resulting from the injuries allegedly suffered in the accident and $32,000.00 in past lost wages, and that she had no similar preexisting conditions.
The parties agreed that plaintiff's medical bills would not be published to the jury since they contained references to insurance. Defendant did not agree that the medical treatment and bills were reasonably caused by the accident, but only agreed that the invoices represented the total amount requested by plaintiff.
In support of her claim for damages, plaintiff presented the testimony of Dr. Carolina Sierra, an endocrinologist and Dr. Gregory Fox, a family practitioner, both of whom testified that her medical treatment was related to this accident. Dr. Fox treated plaintiff in 1992 and 1993 for neck pain and admitted that she suffered from a degenerative arthritic condition in her neck, but denied that plaintiff's preexisting condition caused the medical treatments following the accident.
Following this presentation of evidence, defendant again argued that his IME doctors should be allowed to testify in order to rebut the testimony of Dr. Sierra and Dr. Fox. The trial court refused the request. Dr. Kreitman and Dr. Herskowitz's reports and a summary of the testimony *554 they would have presented was proffered to the court.
During closing, plaintiff argued that it was unrefuted that her medical condition was caused by this accident and that her medical bills were undisputed. The jury returned a verdict for plaintiff for $58,111.02 in past medical expenses and $32,200.00 in past lost wages. Defendant moved for a new trial or remittitur arguing that the trial court had improperly excluded the IME evidence and that the damages were not supported by the evidence. Defendant also moved for a collateral source setoff. The trial court did not rule on either motion, and final judgment was entered for plaintiff for $80,311.02. Defendant moved to amend or alter the final judgment. The trial court denied defendant's motion for new trial or remittitur and entered an amended final judgment for $77,911.02 for plaintiff. This appeal followed.
Defendant contends that the trial court abused its discretion in excluding his medical experts where the witnesses were disclosed to plaintiff and their testimony was relevant to whether plaintiff suffered any injury in this accident and whether her treatment was reasonable and necessary. We agree. Other than liability, these were the main issues in this case. The record reflects that the defense IME doctors' reports contain many comments regarding their opinions that plaintiff's injuries were not caused by this accident and that her treatment was neither reasonable nor necessary. We remand this case for a new trial because the trial court improperly excluded the testimony of defendant's expert medical witnesses, thus preventing defendant from presenting any evidence to support his argument that the subject accident was not the cause of plaintiff's injuries.
The right to call witnesses is one of the most important due process rights of a party, see Keller Indus. v. Volk, 657 So.2d 1200, 1202-03 (Fla. 4th DCA 1995); accordingly, the exclusion of the testimony of expert witnesses must be carefully considered and sparingly done. See Aguila-Rojas v. City Management Group Corp., 606 So.2d 765 (Fla. 3d DCA 1992); Davis v. Pfund, 479 So.2d 230 (Fla. 3d DCA 1985). Furthermore, a trial court should exercise caution when the witness sought to be excluded is a party's only witness or one of the party's most important witnesses because if the witness is stricken, that party will be left unable to present evidence to support his or her theory of the case. See Keller Indus., 657 So.2d at 1203 (error to exclude proffered expert testimony which was crucial to defense); LoBue v. Travelers Ins. Co., 388 So.2d 1349 (Fla. 4th DCA 1980)(error to exclude expert witness whose testimony was essential to party's case), disapproved on other grounds, Barth v. Khubani, 748 So.2d 260 (Fla.1999); Santos Wrestling Enterp., Inc. v. Perez, 367 So.2d 685 (Fla. 3d DCA 1979)(reversible error to exclude defense's essential expert medical witness). In addition, it is error to strike a relevant witness where the opposing party is aware of the proposed testimony. See Lugo v. Florida East Coast Ry. Co., 487 So.2d 321 (Fla. 3d DCA 1986)(error to exclude expert's testimony where opposing party had affidavit of expert summarizing his opinions).
In this case, the IME doctors' testimony was crucial to the main issue of whether plaintiff suffered any injury in this accident and whether her treatment was reasonable and necessary. Plaintiff had their IME reports, and the IME doctors were disclosed in defendant's pretrial catalogue. However, plaintiff failed to conduct any discovery of either IME doctor. Based on this record, we cannot agree with plaintiff's claim of surprise that the IME doctors intended to testify regarding the cause, reasonableness and necessity of her medical treatment. See Bowen v. Manuel, 144 So.2d 341, 343 (Fla. 2d DCA 1962)(one who knows, or has full means of knowing, what evidence or contentions are likely to be introduced against him is not entitled to claim surprise).
*555 Plaintiff's trial strategy a week before trial in limiting her claim for damages from the time of the accident to June 1996 and then using the abandonment of her claim of permanency as grounds to strike all of defendant's expert witnesses exemplifies "gotcha" practices which we will not condone. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979)(courts will not allow the practice of the "Catch-22" or "gotcha!" school of litigation to succeed).
Additionally, although plaintiff abandoned her permanency claim, the issue of causation remained in the case. Plaintiff's expert witnesses testified that she suffered injury in the accident, and that her medical treatment was reasonable and necessary. As a result of the trial court's decision not to allow defendant's IME experts to testify, plaintiff was able to emphasize during closing argument that it was unrefuted that her medical condition was caused by this accident and that her medical bills were undisputed. Clearly, this compounded the prejudice resulting to defendant from the trial court's error.
Reversed and remanded for a new trial.