SCHWARTZ, Chief Judge.
Because of the plainly non-prejudicial failure to timely indicate their names on a formal witness list, the trial court struck the primary witnesses for the plaintiff, resulting in a directed verdict for the defendant. This action punished the appellant far out of proportion to the magnitude of the alleged offense and thus constituted a gross and reversible abuse of discretion. See Kamhi v. Waterview Towers Condominium Ass’n, 793 So.2d 1033 (Fla. 4th DCA 2001); Pascual v. Dozier, 771 So.2d 552 (Fla. 3d DCA 2000); Tomlinson-McKenzie v. Prince, 718 So.2d 394 *337 (Fla. 4th DCA 1998); Earp v. Winters, 693 So.2d 621 (Fla. 2d DCA 1997); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993); Aguila-Rojas v. City Management Group Corp., 606 So.2d 765 (Fla. 3d DCA 1992). See generally Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). While this decision does not preclude appropriate lesser sanctions for the discovery violation against the appellant or its counsel, the judgment below is therefore reversed and the cause is remanded for trial.
Reversed and remanded.