# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-58
Lower Tribunal No. 09-79235
_____

**Deutsche Bank National Trust Company on behalf of LSF MRA Pass-Through Trust,**
Appellant,

vs.

**Estrella Perez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Burr & Forman, LLP, and Brendan A. Sweeney and Douglas J. Stamm, (Fort Lauderdale), for appellant.

Thomas P. Murphy; Jay Levy, for appellees.

Before SUAREZ, C.J., and WELLS and SCALES, JJ.

WELLS, Judge.

Deutsche Bank National Trust Company on behalf of LSF MRA Pass-Through Trust appeals from an order dismissing this mortgage foreclosure action because the bank failed to provide the name of the corporate representative who would testify at trial. Because no prejudice was suggested much less demonstrated below as a consequence of this failure, and because no basis exists to impose such a harsh sanction, we reverse and remand this matter for trial.

This action commenced on October 28, 2009, and was set for trial on seven different occasions over the next five years. On October 21, 2014, this matter was set for trial during the week of December 8, 2014.

The order setting this matter for trial provided that no later than fifteen days before the date of the scheduled trial the parties were to "furnish opposing counsel with a written list containing the individual proper names and addresses of all non-expert witnesses . . . intended to be called at trial." The order further provided that failure to "strictly comply" might result in sanctions including limiting proof or witnesses, and that only those witnesses listed would be allowed to testify.

On November 18 and December 4, 2014, the bank filed witness and exhibit lists wherein it listed several non-expert witnesses including the "Corporate representative of Vericrest, Financial, Inc. . . . , servicer for Deutsche Bank . . . ." No specific name for the corporate representative was provided. Perez filed no pretrial witness or exhibit list.

The case proceeded to trial on December 9, 2014. When the bank announced that it was calling Scott Logue as its corporate representative, the defense objected arguing that because the bank had failed to specifically name Mr. Logue as its representative he could not be called to testify. In response, the bank explained that a specific name had not been provided because it did not know who would be available to testify at trial and that this failure was not for any improper purpose or harmful. The bank further suggested that because no prejudice had been demonstrated it should either be permitted to proceed or the matter should be continued to mitigate any potential harm. The court below summarily rejected these arguments, stating that it was unconcerned about prejudice to Perez and was punishing the bank for failing to strictly comply with its pre-trial order:

> MR. SWEENEY [for the bank]: Judge, what's the prejudice to Ms. Perez? She's incarcerated. What's the prejudice to the land trust? They are probably renting the property out.

> THE COURT: I'm not interested in prejudice anymore, notwithstanding the District Court of Appeals conversations about prejudice all the time. If you don't follow the Court orders, you have consequences. The consequences are you don't have a witness. The consequences of not having a witness is you might not be able to prove your case. If you can't prove your case, you get a voluntary dismissal or involuntary dismissal. We are disposing of cases. You all have the responsibility of presenting cases to the Court. Your client filed a lawsuit and put it into the jurisdiction of the Court. When you put it into the bowels of the Court, God knows what is going to happen. It's like making sausage. That's what happens in these cases.

3

The bank's sole witness was stricken, and relying upon its inherent authority to enforce its orders, the court below granted an involuntary dismissal.

We reverse that order first because the court below failed to consider those factors set forth by the Florida Supreme Court in <u>Binger v. King Pest Control</u>, 401 So. 2d 1310, 1314 (Fla. 1981), for determining whether the testimony of an undisclosed witness should be excluded. As that court stated, while a trial court has the authority to exclude the testimony of an undisclosed witness, the decision to do so turns in large measure on demonstrated prejudice to the opposing party, as well as the ability to avoid any resulting prejudice and considerations relating to the orderly administration of justice:

> [A] trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order. The discretion to do so must not be exercised blindly, however, and should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party. Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court's exercise of discretion are: (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases). If after considering these factors, and any others that are relevant, the trial court concludes that use of the undisclosed witness will not substantially endanger the fairness of the proceeding, the pretrial order mandating disclosure should be modified and the witness should be allowed to testify.

<u>Binger</u>, 401 So. 2d at 1313-14 (footnotes omitted).

4

Here, the trial court incorrectly refused to even consider whether Perez would be prejudiced by allowing the bank's witness to testify at trial. See Allstate Prop & Cas. Ins. Co. v. Lewis, 14 So. 3d 1230, 1234 (Fla. 1st DCA 2009) ("The supreme court's opinion in Binger is clear that testimony should be excluded only after the trial court determines it is prejudicial to the opposing party."); Lugo v. Fla. E. Coast Ry. Co., 487 So. 2d 321, 322, 323-24 (Fla. 3d DCA 1985) (finding that the trial court's exclusion of the appellant's expert witness for failure to strictly comply with the pre-trial order directing the parties to provide the "names and addresses of all expert witnesses which they intended to call" was "indefensible" where the court failed to consider the Binger factors "which should have entered into its exercise of discretion"). The record in this case also fails to demonstrate any prejudice. While the bank did not provide the name of the specific corporate representative it intended to call, Perez was on notice that the bank intended to call a corporate representative who would testify as to the relevant documents that had been produced during discovery. And there is no suggestion that Perez sought to either to secure the identity of the bank's witness or to take that person's deposition before trial. In short, there was no "showing of surprise in fact as to the existence of a witness or as to how the witness would testify." Lugo, 487 So. 2d at 324; Casa de Alabanza v. Bus Service, Inc., 669 So. 2d 338, 339 (Fla. 3d DCA 1996) (finding the trial court erred in prohibiting a

5

corporate representative from testifying where, although the corporate entity "failed to list the name of any witness in particular that it intended to call at trial in the pre-trial witness catalog," the appellant did indicate in its witness list that a representative of the appellant would be called to testify at trial); see also Pascual v. Dozier, 771 So. 2d 552, 554 (Fla. 3d DCA 2000) ("[I]t is error to strike a relevant witness where the opposing party is aware of the proposed testimony."). Because prejudice was neither considered nor demonstrated, the bank's witness should not have been stricken. Nor should the action have been dismissed.

Secondly, while we appreciate the lower court's reluctance to grant a continuance in light of the age of this action and recognize the trial court's inherent authority to manage its docket, we nevertheless find, as we did in Pascual, that "a trial court should exercise caution when the witness sought to be excluded is a party's only witness or one of the party's most important witnesses because if the witness is stricken, that party will be left unable to present evidence to support his or her theory of the case." Pascual, 771 So. 2d at 554; see also Progressive Consumers Ins. Co. v. DECO Natural Stone, Inc., 827 So. 2d 336, 336 (Fla. 3d DCA 2002) (finding the trial court abused its discretion in striking the plaintiff's primary witness, resulting in a directed verdict for the defendant, where the failure to timely provide a formal witness list was non-prejudicial). In sum, imposing the legal equivalent of the death penalty in this case for the instant infraction,

6

"punished the appellant far out of proportion to the magnitude of the alleged offense." Id.

Accordingly, we reverse the order under review and remand for trial.

Reversed and remanded.