# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2164
Lower Tribunal No. 10-28794
_____


**Linda Prater,**
Appellant,

vs.

**Comprehensive Health Center, LLC, et al.,**
Appellees.



An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Brett C. Powell; Darryn L. Silverstein, for appellant.

Fann & Petruccelli, Michael A. Petruccelli and Steven A. Osher (Ft. Lauderdale); Hicks, Porter, Ebenfeld & Stein, Dinah Stein and Shannon Debus-Horn, for appellees.

Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

Plaintiff, Linda Prater, appeals the trial court's order striking her pleadings and entering final judgment in favor of the Defendants, Comprehensive Health Center, LLC, Rose-May Seide, M.D. and Phillipe Louis Jacques, P.A. For the reasons set forth herein, we reverse.

At the heart of this appeal is the late disclosure of a single piece of evidence which Prater's counsel discovered on the eve of the first day of jury selection: an electronic copy of a page from a prescription pad from Comprehensive's office with the handwritten words "Prilosec OTC" scrawled across it. There was no patient name, no date and no doctor's signature on the document. Although Dr. Seide testified that the words on the document appeared to be in her handwriting, her medical records detailing Prater's visit contained no indication that Dr. Seide prescribed or recommended this medication to Prater.[1]

When Prater's counsel discovered the electronic copy of this document in his computer records, he immediately notified defense counsel, and the issue was addressed in court the next morning, prior to the resumption of jury selection. The trial court initially indicated that if Plaintiff had not previously produced the

_____

[1] The question of whether Dr. Seide had prescribed or recommended Prilosec to Prater emerged as an issue at some point during pretrial discovery. It is undisputed that Prater complained of stomach pain during her initial visit to Dr. Seide. And although the medical notes of that initial visit do not reflect that Dr. Seide prescribed or recommended Prilosec, the medical notes of Prater's follow-up visit to Dr. Seide reflect: "Pt. was seen previously for lower abd. [abdominal] pain, states that she was prescribed Prilosec which did not help."

document, this was a violation of the pretrial order and it would be excluded from trial. Nevertheless, after Plaintiff's counsel explained the circumstances surrounding the late discovery of the document[2], the court instead gave Prater two options: (i) she could proceed to trial without using or referring to the document, or (ii) she could agree to a mistrial[3] and potentially bear the attorney's fees and costs associated with the mistrial. Prater accepted the latter alternative, the jury panel was stricken, and the court reserved ruling, pending further discovery, on whether attorney's fees and costs would be awarded.

What ensued was a subsequent sanctions hearing, followed by a court-ordered deposition to discern the "chain of custody" of the late-discovered document and efforts to locate the original, and then another sanctions hearing. At the second sanctions hearing, the court, in a contentious exchange with Prater's counsel, eventually ordered Prater's pleadings be stricken due to what it deemed was the satisfaction of all seven factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

---

[2] Counsel explained that when he met with Prater at the inception of the case, Prater showed counsel the document. It was scanned into the law firm's computer, and the original was returned to Prater. However, the scanned copy was inadvertently not stored with the other electronic records in this case and was not discovered by Prater's counsel until after jury selection had begun.

[3] Technically the court would simply strike the jury venire and no mistrial would be declared, as the jury had not yet been selected and sworn.

We find it unnecessary to further detail the course of the proceedings leading up to the trial court's decision to strike Prater's pleadings and enter final judgment in favor of Defendants. Suffice it to say that there was not competent substantial evidence to support the trial court's conclusions that each of the Kozel factors had been met, including the absence of record support for a finding that the actions of Prater's counsel were willful, deliberate or contumacious, and a finding that Prater's counsel had been previously sanctioned. More significantly, the trial court's imposition of the ultimate sanction—the striking of Prater's pleadings and entry of final judgment in favor of Defendants—was not commensurate with the violation at issue. Turner v. Anderson, 376 So. 2d 899 (Fla. 2d DCA 1979) (holding that "the severity of the sanction must be commensurate with the violation.") See also Mercer v. Raine, 443 So. 2d 944 (Fla. 1983) (finding "the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances.") Because the violation could have been remedied appropriately and satisfactorily by the court either prohibiting the document from being introduced or referred to during trial, or alternatively by awarding attorney's fees and costs caused by the late discovery and disclosure,[4] the present situation

---

[4] These were the two alternative remedies the trial court initially suggested it was inclined to consider. And while it is true that Defendants' motion for sanctions alleged, in its general prayer for relief, a number of sanctions which included the striking of pleadings, it is worth noting that Defendants never affirmatively

did not warrant imposition of the most extreme sanction. The court's action was an abuse of discretion.

We therefore reverse and remand for proceedings consistent with this opinion.

---

requested such relief at any of the several hearings held on the matter. Defendants consistently argued that the appropriate sanction was an award of fees and costs caused by the actions of Prater and her counsel.