# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2993
Lower Tribunal No. 09-66920
_____

## U.S. Bank National Association, etc.,
Appellant,

vs.

## Lourdes M. Rodriguez, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Morris, Laing, Evans, Brock & Kennedy, CHTD., and Jeremy W. Harris, Alicia G. Windsor, and David F. Knobel (West Palm Beach); Bryan Cave LLP, and Adwoa Ghartey-Tagoe Seymour and Christian J. Bromley (Atlanta, GA), for appellant.

Jacobs Keeley, PLLC, and Bruce Jacobs, Court E. Keeley, and Amida Frey, for appellee.

Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

U.S. Bank National Association appeals an order that dismissed its foreclosure suit against Lourdes M. Rodriguez ("Borrower") pursuant to <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1983). The predecessor trial judge had previously sanctioned the Bank for failure to comply with discovery orders. The successor trial judge, however, dismissed the case for one primary reason: the Bank's decision to call one witness to testify over another. The successor trial judge found that the Bank's decision to do so violated an order from the predecessor judge and prejudiced the Borrower. Because the record does not support these findings, we reverse the dismissal order and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 10, 2009, the Bank filed its mortgage foreclosure complaint. The Borrower moved for an extension of time to file an answer. Nearly one year after the Bank filed its complaint, the Borrower filed her answer and affirmative defenses. The parties thereafter engaged in substantial discovery.

During the course of discovery, the Bank's counsel failed to timely comply with court orders requiring it to produce certain discovery. The trial court reserved ruling on the merits of most of these motions, but entered one order granting a motion for sanctions, which restricted certain evidence the Bank could produce at trial. The court ultimately set a trial date and required each party to provide a witness list.

2

In the Bank's first trial witness list, it named several witnesses, including Roberto Montoya and Sony Prudent. The court later reset the trial date several times. The parties eventually appeared before the court on March 24, 2012. By that time, the Bank had provided an amended witness list indicating that Montoya would be its sole trial witness.

When the parties appeared before the trial court on March 24, 2012, the bench trial did not proceed as scheduled. Instead, the Borrower deposed Montoya in the courtroom. The deposition transcript reflects that during the deposition, the trial court interrupted the parties, continued the trial until April 8, 2014, and ordered the Bank to call Montoya as its trial witness on that date: "You are going to finish this deposition today. The trial has been reset to April 8th at 10:30 in the morning. Make sure this witness is here. I'm not having a substitute witness." This order, which is at the heart of this appeal, was never reduced to writing.

The bench trial was ultimately not held on April 8, 2014, because the court reset the trial date an additional three times. Each time it did so, the court required the parties to file a trial witness list fifteen days before trial. The Bank timely complied. In the Bank's penultimate witness list, it named several trial witnesses, including Montoya and Prudent. Around that same time, the Bank had obtained new counsel, who, unlike its previous counsel, timely complied with court orders. In the Bank's final amended witness list, the Bank listed only Prudent—not

3

Montoya—as the corporate representative with "the most knowledge" of the relevant documents produced during discovery.

On the day of the bench trial, November 13, 2014, the parties appeared before a successor trial judge. The Bank called Prudent to testify as its sole witness. The Borrower's counsel objected, arguing that the Bank was required to call Montoya to testify. Counsel explained that during Montoya's deposition earlier that year, the predecessor judge ordered Montoya to appear at trial. He also argued that the Borrower would be prejudiced by Prudent's testimony because counsel prepared for trial based upon his belief that Montoya was the Bank's sole trial witness.

The Bank's counsel, who was present at trial but not counsel at the time of Montoya's deposition, stated that she was unaware of the predecessor judge's order. She emphasized that the order was never reduced to writing. She further explained she did not expect to find a court order buried in a deposition transcript: "I have very rarely seen an actual court order contained in a deposition." The successor trial judge agreed: "Well, that is rare. I mean for sure that's rare." Counsel also noted that the trial date for which Montayo was ordered to appear was ultimately reset.

After listening to arguments from counsel, the successor trial judge decided that a sanction against the Bank was appropriate. The judge discussed the Kozel factors, finding that most of the factors had been met:

> I do find that the Kozel factors have been met; all but . . . Number Three.
>
> . . . .
>
> [D]efinitely there is either willful or negligence in not seeing [the predecessor judge's] order; certainly the prior law firm had a duty to advise counsel that this order was stated in a deposition. The prior counsel was previously sanctioned and had many times failed to follow the Court's orders.
>
> Skipping Three. Four; the delay clearly -- this is the most important one to me, does the delay prejudice to opposing counsel. He is prepared to cross examine Mr. Montoya, not this gentleman that's here.
>
> Five; whether the attorney offered a reasonable explanation. Not really. I mean I hate to say this with you here. I don't -- I'm not trying to disparage you or be disrespectful in any way.
>
> Six; whether the delay created significant problems of judicial administration. That's yes.

The judge excluded Prudent from testifying and then entered an order dismissing the case "without prejudice" pursuant to Kozel. This appeal followed.

## ANALYSIS

### I.    Jurisdiction

We begin by addressing jurisdiction. "Generally, when an order dismisses a complaint 'without prejudice,' that language signifies that the order is not a final

5

order." Al-Hakim v. Big Lots Stores, Inc., 161 So. 3d 568, 569 (Fla. 2d DCA 2014). But this general rule is not without exception. If a dismissal is "without prejudice" but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final. See Fed. Nat'l Mortg. Ass'n v. Wild, 164 So. 3d 94, 95 (Fla. 3d DCA 2015); Al-Hakim, 161 So. 3d at 569; Gerber v. Vincent's Men's Hairstyling, Inc., 57 So. 3d 935, 937 (Fla. 4th DCA 2011); Hollingsworth v. Brown, 788 So. 2d 1078, 1079 n.1 (Fla. 1st DCA 2001).

In this case, the order on appeal states that the dismissal is "without prejudice," but it is clear from the context of the order that it requires the Bank to file a new case. We therefore have jurisdiction. See Wild, 164 So. 3d at 95.

## II. Kozel Factors

Turning to the merits, in Kozel, the Florida Supreme Court articulated a six-factor analysis to assist the trial court in determining whether it should impose the extreme sanction of dismissal due to an attorney's behavior:

(1) Whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

(2) Whether the attorney has been previously sanctioned;

(3) Whether the client was personally involved in the act of disobedience;

(4) Whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

6

(5) Whether the attorney offered reasonable justification for noncompliance; and

(6) Whether the delay created significant problems of judicial administration.

Kozel, 629 So. 2d at 818.[1]

Appellate courts recognize the high degree of deference afforded to the trial court with respect to this type of discretionary decision. Id. at 817; Commonwealth Fed. Savs. & Loan Ass'n v. Tubero, 569 So. 2d 1271, 1273 (Fla. 1990) ("The standard by which such orders shall be reviewed is whether there was an abuse of discretion."). But the trial court's discretion is not absolute.

In cases where the trial court's crucial findings were unsupported by the record, appellate courts have not hesitated to reverse. See, e.g., Prater v. Comprehensive Health Ctr., LLC, 185 So. 3d 559, 560 (Fla. 3d DCA 2016) ("[T]here was not competent substantial evidence to support the trial court's

---

[1] Recently, the Second District concluded that Kozel applies to dismissals "with prejudice" and their functional equivalent, but not dismissals "without prejudice." Fed. Nat'l Mortg. Ass'n v. Linner, 41 Fla. L. Weekly D1348 (Fla. 2d DCA June 3, 2016). It explained that the functional equivalent of a dismissal with prejudice exists where "the trial court dismisses a case without prejudice, but the . . . statute of limitations has run." Id. at D1349 n.5 (quotations omitted).

In this case, we do not reach the issue of whether the statute of limitations had run on the Bank's foreclosure claim in order to determine whether the dismissal "without prejudice" was, in effect, a dismissal "with prejudice." We decline to reach those issues because both parties agreed, in the trial court and on appeal, that Kozel is applicable here.

conclusions that each of the Kozel factors had been met, including the absence of record support for a finding that the actions of [Plaintiff's] counsel were willful, deliberate or contumacious, and a finding that [Plaintiff's] counsel had been previously sanctioned. More significantly, the trial court's imposition of the ultimate sanction—the striking of [Plaintiff's] pleadings and entry of final judgment in favor of Defendants—was not commensurate with the violation at issue."); Gomez-Bonilla v. Apollo Ship Chandlers, Inc., 650 So. 2d 116, 118 (Fla. 3d DCA 1995) ("Contrary to the trial court's ruling, the record in this case does not contain sufficient evidence to indicate that [Plaintiff] exhibited the sort of willful disregard for the court's orders which would support the sanction of dismissal, either with or without prejudice.").

In this case, the trial court's primary reason for dismissing the case was the Bank's decision to call one witness to testify, Prudent, over another, Montoya. The court found that the Bank's decision to do so violated the verbal order from the predecessor judge and prejudiced the Borrower. We hold, however, that the Bank's decision to call Prudent to testify did not violate the verbal order of the predecessor judge.

When read in context, the verbal order required the Bank to call Montoya to testify at a trial date scheduled for April 2014. The order did not indicate that it continued to apply if the trial date was reset. Moreover, each time the predecessor

and successor trial judges subsequently reset the trial, they required the filing of new witness lists—something that would not be necessary if the parties were limited to presenting only the witnesses previously listed or deposed. The Bank duly filed new witness lists, and, in doing so, changed the names of its identifying officials, apparently based on the ability of the named official to appear at the new trial dates. Nothing in the record or these subsequent orders indicates that the Bank was limited to, or required to, call Montoya at trial. Nor does the record indicate any bad faith on the part of the Bank's counsel in changing its trial witness from Montoya to Prudent.[2]

The record also fails to support a finding of prejudice to the Borrower. The Bank, in compliance with a pretrial order, timely provided the Borrower with a witness list fifteen days prior to trial. The list notified the Borrower of the Bank's decision to call Prudent to testify as the corporate representative with "the most knowledge" of the relevant documents. The Borrower's counsel chose not to depose Prudent. Instead, counsel waited until the day of trial to object to Prudent's testimony. When asked to explain why the Borrower would be prejudiced by

---

[2] To the extent that the Bank's change in witnesses improperly caused the Borrower to incur unnecessary costs and attorney's fees, the ordinary remedy would be an award of those costs and fees—not the dismissal of the case. See generally Deutsche Bank Nat'l Trust Co. v. Avila-Gonzalez, 164 So. 3d 90, 92 (Fla. 3d DCA 2015) ("When such negligence causes the opposing side to incur unnecessary attorney's fees, the proper and normal remedy for that injury is a compensating award of attorney's fees . . . .").

Prudent's testimony, counsel argued that he prepared for trial based upon his belief that Montoya was the Bank's sole trial witness. But, the Bank's final witness list clearly notified the Borrower that Prudent was the Bank's sole witness. The Bank's first and penultimate witness lists also indicated that Prudent would testify regarding the relevant documents produced during discovery. Yet, the record does not reflect any attempt by the Borrower to depose Prudent. Nor does the record reflect any reason why the Borrower could not depose Prudent in time for trial.

In Deutsche Bank Nat'l Trust Co. ex rel. LSF MRA Pass-Through Trust v. Perez, 180 So. 3d 1186 (Fla. 3d DCA 2015), this court held that no prejudice was demonstrated in similar circumstances. In Perez, a bank appealed an order dismissing its foreclosure action against the borrower due to its failure to provide the name of its corporate representative who would testify at trial. Although the bank failed to specifically name its corporate representative in compliance with the trial court's pretrial order, the borrower was, at the very least, on notice that the bank intended to call its corporate representative. Yet, the borrower made no attempt to secure the identity of the bank's witness or depose that person before trial. This court held that, under these circumstances, the record failed to support a finding of prejudice. "In short, there was no showing of surprise in fact as to the existence of a witness or as to how the witness would testify." Id. at 1190 (citations and quotation omitted).

Similarly, the record here fails to support a showing of prejudice to the Borrower because there was no showing of surprise as to the existence of Prudent or as to how Prudent would testify. In fact, the Bank went beyond the actions of the bank in Perez because the Bank here named its trial witness in compliance with a pretrial order, in addition to identifying him as the corporate representative with "the most knowledge" of the relevant documents produced during discovery. Thus, the trial court should not have excluded this witness from testifying. Nor should the case have been dismissed.

In reaching this conclusion, we note that our decision should not be construed, in any way, to excuse the actions of the Bank's previous counsel, who failed to comply with court orders. We merely hold that absent justification for the trial court's primary reason for dismissing the case, and in light of all the other circumstances in this case, the record does not support the trial court's decision to impose the severe sanction of a dismissal. See Prater, 185 So. 3d at 560 (reversing a dismissal pursuant to Kozel where reasons for the dismissal were not supported by the record and the imposition of dismissal was not commensurate with the violation at issue).

Reversed and remand for further proceedings consistent with this opinion.