# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0870
Lower Tribunal No. 18-20841
_____

**Scott Lenord Callari,**
Appellant,

vs.

**Elizabeth Winkeljohn,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP, and Kenneth P. Hazouri (Orlando), for appellant.

Wallen | Kelley, and Todd L. Wallen; Dimond Kaplan & Rothstein, P.A., and Christopher M. Drury, for appellee.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant Scott Lenord Callari (Defendant below) appeals from a final judgment, following a jury trial, awarding Appellee Elizabeth Winkeljohn (Plaintiff below) compensatory and punitive damages.[1]  Because the order striking Callari's supplemental expert disclosure as untimely failed to analyze prejudice, we reverse the punitive damages award and remand for a new trial on punitive damages.  We affirm without further discussion the other issues on appeal.

The underlying action arises from a serious automobile accident that occurred in September 2017 when Callari crossed over the center lane and struck Winkeljohn's vehicle, causing it to flip one-and-a-half times. Winkeljohn and her two children survived,[2] and Winkeljohn filed a negligence action against Callari.  Winkeljohn later amended her complaint to add a claim for punitive damages based on allegations that Callari was under the influence of heroin when he struck Winkeljohn's vehicle.

Before trial, the parties were ordered to provide a list of their witnesses and a summary of expected expert testimony.  Callari filed an expert

---

[1] In addition to the final judgment, Callari appeals from the following interlocutory orders: (1) Order Denying Callari's Motion to Bifurcate Punitive Damages, (2) Order Denying Callari's Motion for New Trial, and (3) Order Denying Callari's Motion for Remittitur of Punitive Damages.

[2] The children's claims were settled before trial.

disclosure for Marta Alfonso, CPA, and described the subject of her testimony as "the Plaintiff's economic damages." On January 7, 2020, the trial court notified the parties that trial was scheduled for the week of January 21. Later in the day on January 7, Callari filed a supplemental expert disclosure for Ms. Alfonso, stating she would "testify regarding Mr. Callari's net worth and the amount of money he needs to sustain himself. She will also testify as to punitive damages that would bankrupt/economically castigate Mr. Callari."[3] Winkeljohn filed an emergency motion to strike the untimely disclosure, and the trial court entered an order limiting Ms. Alfonso's testimony to economic damages. The order did not address whether Ms. Alfonso's testimony on punitive damages or net worth would prejudice Winkeljohn.

Trial was ultimately set for February 24. Callari moved for reconsideration of the order limiting Ms. Alfonso's testimony. The trial court denied Callari's motion, concluding the jury could figure out Callari's net worth without Ms. Alfonso's expert testimony. At trial, Callari testified regarding his limited financial resources, but the jury was provided with very

---

[3] "[A]n award of punitive damages that bankrupts or financially devastates the defendant is unconstitutionally excessive." State Farm Mut. Auto. Ins. Co. v. Brewer, 191 So. 3d 508, 511 (Fla. 2d DCA 2016).

little information to assess Callari's net worth or ability to pay punitive damages. Callari never called Ms. Alfonso as a witness.

The jury returned a verdict in favor of Winkeljohn in the amount of $4,662,572: $3,662,572 in compensatory damages and one million in punitive damages.[4] The trial court applied a collateral source setoff, reducing the verdict by $101,474.82 and entered final judgment in favor of Winkeljohn in the amount of $4,561,097.32. Callari timely appealed.

We review the trial court's order striking Callari's untimely supplemental expert disclosure under the abuse of discretion standard. Montero v. Corzo, 320 So. 3d 976, 977 (Fla. 3d DCA 2021). In Montero, this Court explained that "in exercising its discretion in determining whether to permit an untimely disclosed witness to testify, the trial court should be guided largely by whether the testimony will prejudice the objecting party." Id. at 980.

In Binger v. King Pest Control, 401 So. 2d 1310, 1314 (Fla. 1981), the Florida Supreme Court explained that "[p]rejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse

---

[4] At trial, Winkeljohn presented evidence of economic damages in excess of $9 million.

nature of the testimony."  The Court went on to list several factors a trial court should consider in making its prejudice determination:

> (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases).

Id.

A trial court's failure "to analyze these Binger factors before exercising . . . discretion to admit or exclude late-disclosed exhibits or witness testimony . . . will result in reversal."  Montero, 320 So. 3d at 980 (citing Deutsche Bank Nat. Tr. Co. v. Perez, 180 So. 3d 1186 (Fla. 3d DCA 2015); Lugo v. Fla. E. Coast Ry. Co., 487 So. 2d 321 (Fla. 3d DCA 1986); J.S.L. Constr. Co. v. Levy, 994 So. 2d 394 (Fla. 3d DCA 2008); Reive v. Deutsche Bank Nat. Tr. Co., 190 So. 3d 93 (Fla. 4th DCA 2015)).

Because the trial court failed to make any findings on prejudice or analyze the Binger factors, we reverse the punitive damages award and remand for a new trial on punitive damages.

Reversed, in part, and remanded.