# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2479
LT Case No. 2013-DR-2368

_____

JONATHON OBERMARK,

    Appellant,

    v.

CHRISTINE OBERMARK,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
Michael G. Takac, Judge.

Jean M. Henne, of Jean M. Henne, P.A., Winter Haven, for
Appellant.

No Appearance for Appellee.

September 22, 2023

PER CURIAM.

Jonathon Obermark ("Former Husband") appeals the trial court's Final Order dismissing his supplemental petition for modification of child support without holding an evidentiary hearing, depriving him of due process. We dismiss the appeal.

The appealed order dismissed Former Husband's petition "without prejudice." Generally, when an order dismisses a

complaint or pleading without prejudice, the order is not a final, appealable order. *See U.S. Bank Nat'l Ass'n v. Rodriguez*, 206 So. 3d 734, 736 (Fla. 3d DCA 2016). However, if it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final. *See id.* In this case, although the title of the appealed order contains the terms "Final Order," there is nothing on the face of the order that prohibited Former Husband from filing an amended supplemental petition. *See Delgado v. Morejon*, 295 So. 3d 1214, 1217 (Fla. 5th DCA 2020) (dismissing appeal of trial court's order dismissing former husband's petition where order did not indicate it was with prejudice and nothing on face of order prohibited him from filing amended supplemental petition).

Despite the use of "Final Order" in its title, the appealed order otherwise lacks sufficient language of finality to constitute a final order and does not fit within the limited categories of appealable, nonfinal orders in Florida Rule of Appellate Procedure 9.130(a)(3). "[W]here it remains unclear whether the order is intended to be final or nonfinal, it is proper to dismiss the appeal as premature because the order does not contain sufficient language of finality to constitute a final order." *Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1011 (Fla. 1st DCA 2007).

Accordingly, this Court does not have jurisdiction to review the trial court's order dismissing Former Husband's petition.

APPEAL DISMISSED.


EDWARDS, C.J., HARRIS, and SOUD, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____