# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1109
Lower Tribunal No. 21-24502 CC
_____


**Alma Sanchez, et al.,**
Appellants,

vs.

**Security First Insurance, Company,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Buell & Elligett, P.A., and Raymond T. Elligett, Jr., and Amy S. Farrior (Tampa); Duboff Law Firm, and Kenneth R. Duboff, for appellants.

Butler Weihmuller Katz Craig LLP, and Mihaela Cabulea (Tampa); Gunster, Yoakley & Stewart, P.A., and Joseph W. Jacquot (Jacksonville), for appellee.

Link & Rockenbach, PA, and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach); William W. Large (Tallahassee), for Florida Justice Reform Institute, as amicus curiae.

Bressler, Amery & Ross, P.C., and Hope C. Zelinger and Lilian Rodriguez-Baz (Fort Lauderdale), for First Protective Insurance Company d/b/a Frontline Insurance, as amicus curiae.

Before SCALES, LINDSEY, and GORDO, JJ.

PER CURIAM.

Affirmed.  See Cantens v. Certain Underwriters at Lloyd's London, 49 Fla. L. Weekly D360, D362 (Fla. 3d DCA February 14, 2024) ("[B]ecause the presuit notice requirement of section 627.70152(3), taken in context, is procedural in nature, and applies to all policies, regardless of date of inception, the trial court correctly dismissed the action without prejudice pursuant to section 627.70152(5)."); Cole v. Universal Prop. & Cas. Ins. Co., 363 So. 3d 1089, 1095 (Fla. 4th DCA 2023) ("[B]ecause the presuit notice requirement of section 627.70152 applies retroactively as a procedural provision, it applies to existing policies in effect at the time of enactment."). But see Hughes v. Universal Prop. & Cas. Ins. Co., 374 So. 3d 900, 910 (Fla. 6th DCA 2023) ("[W]e find that section 627.70152 is substantive and cannot be applied retroactively to insurance policies issued before the statute's effective date.").

SCALES, J., specially concurring.

Because this panel is bound by the recent holding of another panel of this Court in Cantens v. Certain Underwriters at Llyod's London, 49 Fla. L. Weekly D360, 2024 WL 591695 (Fla. 3d DCA Feb. 14, 2024),[1] we are compelled to affirm the trial court's June 9, 2022 order dismissing Sanchez's complaint "without prejudice and without leave to amend." I, therefore, concur in the result reached in this case, but I write to express my disagreement with Cantens, which followed the Fourth District's decision in Cole v. Universal Property & Casualty Insurance Co., 363 So. 3d 1089 (Fla. 4th DCA 2023).

### I.    Section 627.70152

The issue in this case, as it was in Cantens and Cole, is whether the Legislature's new statutory condition precedent to an insured's right to sue the property insurer for an alleged breach of the insurance contract may apply to an existing insurance policy without running afoul of Florida's

---

[1] A panel of this Court is bound by a holding of a prior panel and only the Court sitting *en banc* may recede from the decision of the prior panel. See Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., 347 So. 3d 63, 64 (Fla. 3d DCA 2020).

prohibition on impairment with contracts.[2]  In 2021, the Legislature enacted the new condition precedent, section 627.70152 of the Florida Statutes, which, among other things, requires that, at least ten days prior to filing suit against the insurer, an insured must provide notice to the Florida Department of Financial Services of the insured's intent to initiate litigation against the insurer. The insured's notice must state, with specificity, all of the following information:

> 1. That the notice is provided pursuant to section 627.70152.

> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.

---

[2] Courts apply a two-part test to determine whether a statute can apply retroactively: "(1) whether the statute itself expresses an intent that it apply retroactively; and, if so, (2) whether retroactive application is constitutional." Old Port Cove Holdings, Inc. v. Old Port Condo. Ass'n One, Inc., 986 So. 2d 1279, 1284 (Fla. 2008). I agree with the determination in both Cole and Cantens that the Legislature intended for the new provision to apply to existing policies, thus meeting the test's first part. In my view, the new statute fails the test's second part, that is, whether retroactive application is constitutional.  Art. 1, § 10, Fla. Const. The Florida Constitution prohibits a legislative enactment from impairing existing contractual obligations. A legislative enactment cannot be applied retroactively "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." See Menendez v. Progressive Exp. Ins. Co., 35 So. 3d 873, 877 (Fla. 2010); Hughes v. Universal Prop. & Cas. Ins. Co., 374 So. 3d 900, 910 (Fla. 6th DCA 2023) (holding that section 627.70152 does not apply retroactively "both because the statute does not include clear evidence of intent for the statute to apply retroactively and because the statute is substantive and cannot constitutionally be applied retroactively").

4

3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.

4. If the notice is provided following a denial of coverage, an estimate of damages, if known.

5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:

a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.

b. The disputed amount.

§ 627.70152(3)(a), Fla. Stat. (2021).

Under the new legislation, a trial court is required to *dismiss* any first-party lawsuit filed by an insured who has not complied with the notice requirement, which means that a plaintiff's noncompliance cannot be cured by compliance, followed by amending the plaintiff's lawsuit. § 627.70152(5), Fla. Stat. (2021).[3]

## II. Retroactive Application of Section 627.70152

---

[3] Indeed, it is because of section 627.70152(5)'s dismissal penalty that we have appellate jurisdiction to review the subject order. Normally, an order dismissing a complaint without prejudice is not appealable. See Liebman v. Miami-Dade Cnty. Code Compliance Office, 54 So. 3d 1043, 1045 (Fla. 3d DCA 2011). But a "without prejudice" dismissal order, such as the one challenged here, that requires a plaintiff to re-file a new lawsuit, rather than merely to re-file an amended complaint in the existing lawsuit, is appealable. See U.S. Bank Nat'l Ass'n v. Rodriguez, 206 So. 3d 734, 736 (Fla. 3d DCA 2016).

5

Ms. Sanchez and Security First did not include in their bargained-for insurance contract the detailed notice now mandated by the statute, nor did they contract for the statute's mandatory dismissal penalty associated with the statute's new requirements. Hence, consistent with the constitutional prohibition on contract impairment, we may apply the statute's new condition precedent to the parties' existing insurance contract only if we determine that the statute's new requirements do not affect the parties' substantive rights. Menendez, 35 So. 3d at 875.

In determining that the new notice requirement can be constitutionally grafted into existing insurance contracts, Cole merely concludes that the insured's "rights and obligations are unchanged by the addition of [the statute's] presuit notice provision. . . ." Cole, 363 So. 3d at 1093. Cantens concludes that the new statute "does not impose any new punishments or penalties that substantively impact an insured's ability to recover[.]" Cantens, 49 Fla. L. Weekly at D362. I strongly disagree with these conclusions. A provision affects a parties' substantive rights, and cannot be retroactively applied, if it either creates significant new obligations or imposes new penalties. Menendez, 35 So. 3d at 877. This new statute does both.

The new notice requirements mandated by the statute plainly create new substantive obligations on a policyholder. The statute significantly

6

burdens an insured with a new pre-suit obligation that effectively requires the insured to adjust his own claim. Before an insured can bring an action against an insurer alleging that the insurer has breached the insurance contract by underpaying a claim, the insured must specifically itemize the insured's damages and attorneys' fees and costs, and calculate, presumably with specificity, the disputed amount. Because insurers no doubt will vigorously cross-examine insureds regarding discrepancies between amounts demanded at trial and amounts contained in the pre-suit notice, these calculations cannot be approximations. Presumably, if at any time during the proceedings, discrepancies arise between an insured's actual damages and those contained in the pre-suit notice, insurers will seek dismissal of the insured's lawsuit for failure to comply with the new statute's itemization requirement. From a practical perspective, compliance with the statute's pre-suit itemization requirement adds a significant, substantive, and expensive pre-suit burden on an insured trying to enforce contractual rights.

The new statute also imposes a new penalty – dismissal of the insured's lawsuit – for noncompliance with the statute's notice requirement. As mentioned earlier, section 627.70152(5)'s mandatory dismissal penalty *requires* the trial court to *dismiss the lawsuit* without prejudice; the statute does not allow a trial court the discretion to dismiss a complaint, with leave

7

to amend following compliance with the new statute. Hence, in order to sue his insurer, a policyholder whose lawsuit has been dismissed under section 627.70152(5), must comply with the statute's notice requirements and then re-file his lawsuit (paying the associated filing fees) and again serve process on the insurer (paying those associated costs). Cantens characterizes this penalty as not "substantively impact[ing] an insured's ability to recover, as the action may be refiled[.]" Cantens, 49 Fla. L. Weekly at D362. But Cantens's conclusory holding in this regard provides little solace to a low-income policyholder forced to again incur filing and service of process fees, or worse, to a policyholder whose lawsuit has suffered section 627.70152(5)'s mandatory suit dismissal after the expiration of the statute of limitations, and therefore, cannot re-file. It would seem that the remedies available to such a policyholder are nonexistent.

III.     Conclusion

It bears noting that virtually every pre-Cole federal case[4] and, most recently, our sister court's Hughes case,[5] hold that section 627.70152's new notice requirement cannot, consistent with Florida's prohibition on contract impairment, be applied to existing insurance contracts. While the statute's new requirements may very well be good public policy, I agree with the reasoning uniformly expressed in those pre-Cole opinions and by the Hughes Court: section 627.70152's notice requirements impose new substantive burdens on policyholders, and therefore, cannot be constitutionally applied to existing insurance policies.

---

[4] See e.g., Oceana III Condo. Ass'n v. Westchester Surplus Lines Ins. Co., 658 F. Supp. 3d 1177,1183 (S.D. Fla. 2023) (holding that section 627.70152 cannot be applied retroactively because it "substantively alters an insurer's obligation to pay and an insured's right to sue under contract") (quoting Rosario v. Scottsdale Ins. Co., No. 21-24005-Civ, 2022 WL 196528, at *1 (S.D. Fla. Jan. 21, 2022)); Dozois v. Hartford Ins. Co. of the Midwest, 595 F. Supp. 3d 1204, 1207-08 (M.D. Fla. 2022); Williams v. Foremost Prop. & Cas. Ins. Co., 619 F. Supp. 3d 1161, 1166 (M.D. Fla. 2022); Villar v. Scottsdale Ins. Co., No. 22-cv-21362, 2022 WL 3098912, at *4 (S.D. Fla. Aug. 4, 2022); Hershenhorn v. Am. Home Assurance Co., No. 2:21-Cv-897-JES-MRM, 2022 WL 3357583, at *2 (M.D. Fla. Aug. 15, 2022); see also O'Kelley v. Lexington Ins. Co., No. 1:22-CV-21218, 2022 WL 17583683, at *3-4, 2022 (S.D. Fla. Sept. 16, 2022) (Magistrate's Report and Recommendation).

[5] Hughes, 374 So. 3d at 907-10.